Sherman, P.J.
This is an action in contract to recover a deposit paid pursuant to an agreement for the purchase and sale of realty. The trial court entered judgment for the defendants, and the plaintiffs now appeal the court’s denial of their requests for rulings of law.
The reported evidence indicates that on December 5, 1990, plaintiffs Richard and Judith Raphael executed a written agreement with defendant Nagog Realty Corporation (“Nagog”), the seller-contractor, for the purchase of land and the construction of a house thereon in Holliston, Massachusetts for a price of $501,000.00. Defendants James and Joseph Moore (“Moore”) signed the Agreement on behalf of Nagog, and also personally guaranteed the corporate defendant’s performance. The plaintiffs paid a $25,000.00 purchase deposit which, pursuant to a subsequent agreement, was to be held by the broker, defendant Circle Real Estate, Inc., until confirmation of special financing by the Bank and then released to Nagog.
As an inducement to the plaintiffs to enter into the Purchase and Sale Agreement and prior to its execution, defendants Nagog and Moore represented that a special financing program offered at the time by Framingham Cooperative Bank (“the Bank”) would be made available to the plaintiffs. The plaintiffs were concerned, however, that such financing program would no longer be in effect by the time the house was constructed and the transaction completed. As a practical matter, the time for the parties’ performance remained open-ended. Although Paragraph 8 specified a closing date of June 28, 1991, an “Attachment C” to the Agreement stated that the Para. 8 closing date was merely the parties’ “best estimate” of the required construction time, and that Nagog was entitled to automatic extensions of the Agreement for all reasonable delays arising from “plans, municipal approvals, delivery of materials, availability of subcontractors, weather conditions and other construction related issues” as long as Nagog used its best efforts “to speedily complete this project.” In addition, Paragraph 10 of the Agreement granted Nagog the fight to a unilateral extension of thirty days upon written notice to the plaintiffs.
To insure, therefore, that the Bank’s special financing remained available until papers were passed, the plaintiffs insisted upon an amendment of the standard *225 form mortgage contingency language of Paragraph 26 of the Agreement As modified, Para. 26 entitled the plaintiffs to terminate the Agreement and recover their deposit if they were unable to obtain by December 7, 1990 a mortgage loan of $300,000.00 from the Framingham Cooperative Bank upon certain specified terms and conditions and upon the Bank’s
guarantee that such loan for such rate and term and monthly payments, will be in effect at the time of the deed from the seller to the buyer.
Para. 26 obligated the plaintiffs to submit a complete mortgage application by November 16, 1990. Although the plaintiffs prepared an application which was given to the Bank, they neither signed it, nor executed certain truth-in-lending statements required by the Bank. The evidence established and the trial court so found, however, that all parties proceeded as though a signed application had been submitted, and the Bank in fact acted upon and approved the plaintiffs’ application.
The mortgage contingency deadline of December 7,1990 was extended to January 7,1991. On January 3,1991, the Bank issued a proposed letter of commitment to the plaintiffs for financing upon the agreed rate and payment terms. However, the letter stated that the Bank’s mortgage commitment would expire on June 30, 1991. The plaintiffs reiterated that this was unacceptable because the mortgage commitment letter did not confirm that the special financing would remain in effect until the time of delivery of the deed as required by Para. 26.
On January 7,1991, the plaintiffs delivered to all defendants a letter exercising their Para. 26 right to terminate the Agreement and recover back their deposit due to their failure to secure the specific mortgage commitment called for by Para. 26. One day after the plaintiffs’ termination of the Agreement and at the request of defendant Moore, the Bank issued a second letter of commitment which stated that the requisite financing would be “in effect for thirty (30) days after the issuance of the certificate of occupancy by the Town of Holliston.” The Bank’s second letter did not guarantee such financing at the time of delivery of the deed. Defendant Donahue, an employee of Circle Real Estate, misinterpreted the Bank’s second letter as confirmation of the financing required by Para. 26 and released the plaintiffs’ deposit to Nagog at its request.
The trial court entered judgment for all defendants based on extensive findings and rulings that the plaintiffs were obligated to accept commercially reasonable financing terms, that the Bank’s second letter proposing a commitment effective until thirty days after an occupancy permit was reasonable, and that the plaintiffs were not entitled to terminate the Agreement and recover their purchase deposit.
Seven of the plaintiffs’ twenty-two requests sought proper rulings of law as to the construction of dispositive provisions of the parties’ purchase and sale Agreement. The trial court erred in denying these requests as requests for findings of fact rather than rulings of law. The interpretation of an unambiguous contract presents a question of law for a trial court. Green v. Richmond, 369 Mass. 47, 51 (1975); Atwood v. Boston, 310 Mass. 70, 75 (1941); USM Corp. v. Arthur D. Little Systems, Inc., 28 Mass. App. Ct. 108, 116 (1989).
The record indicates that the specific terms of Para. 26 were negotiated and agreed upon by the parties. Construing this contract provision in accordance with the express language employed, the circumstances of its inclusion in the Agreement and the object to be accomplished, Shea v. Bay State Gas Co., 383 Mass. 218, 222-223 (1981), it is clear as a matter of law that the parties intended that the plaintiffs would be entitled upon timely written notice to cancel the Agreement and recover their purchase deposit in the event that the Bank did not issue a letter of commitment by January 7,1991 which guaranteed financing upon specified terms which would remain in effect until such time as Nagog delivered a deed to the plaintiffs. The essential function of a mortgage contingency clause is to enable a *226 purchaser to escape liability and to assure the return of his deposit in the event that he is unable to obtain the amount or type of financing prerequisite to his realty purchase. Tremouliaris v. Pina, 23 Mass. App. Ct. 722, 726 (1987). The plaintiffs were entitled to the protection of the express terms of the mortgage contingency clause they negotiated.
The Bank’s January 3,1991 letter of commitment did not guarantee that the special financing terms would remain in effect until the closing and thus failed to satisfy the requirements of Para. 26. The plaintiffs were not obligated to accept the Bank’s January 3,1991 offer simply because such offer may have been reasonable by some objective mortgage lending standard. The general rule that a “financing condition clause presupposes that the buyers will accept commercially reasonable terms” applies only where a standard form contingency clause has not, unlike Para. 26, been “otherwise qualified by express language.” Lynch v. Andrews, 20 Mass. App. Ct. 623, 626 (1985). The Bank’s January 8, 1991 commitment letter, which also failed to meet the guaranty requirements of Para. 26, was issued subsequent to the plaintiffs’ proper termination of the Agreement and was thus irrelevant.
Nor is this a case where the buyers are precluded from invoking the mortgage contingency clause because their inability to secure the requisite financing resulted from their own lack of diligent effort or other conduct. See Sechrest v. Safiol, 383 Mass. 568, 571 (1981); Stabile v. McCarthy, 336 Mass. 399, 402-403 (1957). The plaintiffs submitted the single mortgage application to Framingham Savings Bank required by Para. 26, and all parties proceeded as though such application satisfied the plaintiffs’ contractual obligations in this regard. See Atwood v. Boston, supra at 75.
In short, the plaintiffs properly terminated the Agreement and were entitled to a refund of their purchase deposit. The refusal by defendant Nagog, as seller, and by Nagog’s guarantors, defendants James and Joseph Moore, to return said deposit constituted a breach of contract for which the plaintiffs are entitled to recover herein. Circle Real Estate remains secondarily liable for its premature release of the deposit to Nagog in breach of the parties’ agreement designating Circle as the escrow agent. Conversely, there is nothing in the record to suggest that defendant John F. Donahue acted at any time in any capacity other than as agent or employee of Circle Real Estate, and Donahue thus incurred no personal liability herein. Finally, based on the record before us, there was no error in the trial court’s findings in favor of the defendants on the plaintiffs’ G.L.c. 93A and negligence counts.
Accordingly, the trial court’s judgment for defendant John F. Donahue is affirmed. The court’s judgment in favor of the remaining defendants is hereby vacated. Judgment is to be entered for the plaintiffs in the amount of $25,000.00 plus interest and costs against defendants Nagog Realty Corp., James Moore, Joseph Moore and Circle Real Estate, Inc. under Counts I, II, III and V of the plaintiffs’ complaint. The plaintiffs are, however, limited to a single recovery of the damages assessed.
So ordered.